IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 19-CR-30046-SMY |
| ) | |
| JOSHUA P. BRECKEL, ) | |
| ) | |
| Defendant. ) | |

**PLEA AGREEMENT**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), it is hereby agreed between the United States of America, through United States Attorney Steven D. Weinhoeft and Assistant United States Attorney Christopher R. Hoell (collectively referred to as the "Government"), and the Defendant Joshua P. Breckel (hereinafter "Defendant") with the advice and consent of Jessica Koester, counsel for the Defendant, as follows:

### I. Plea, Penalties, and Elements

1.      Defendant understands the charges contained in the Information and will plead guilty to Counts 1-10. Defendant understands the essential elements of these counts and the possible penalties, as set forth below:

| Counts | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 1,3,5,7 & 8 | Production of child pornography 18 U.S.C. §2251(a) | **Imprisonment: 15 years - 30 years.** **Fine:** **Not more than $250,000** **Supervised Release: 5 years – Lifetime.** **Special Assessment: $100** **A $5,000 special assessment if non-indigent (18 USC § 3014)** | First, the defendant knowingly employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; Second, the victim was a minor; and Third, the defendant knew or had reason to know the depiction would be transported across state lines or in foreign commerce by any means. |
| 4 | Distribution of Child Pornography 18 U.S.C. §2252A(a)(2)(A) | **Imprisonment: 5 years - 20 years.** **Fine:** **Not more than $250,000** **Supervised Release: 5 years – Lifetime.** **Special Assessment: $100** | First, the defendant knowingly distributed the material identified in the indictment; Second, the material identified in the indictment is child pornography; Third, the defendant knew that one or more persons depicted in the material identified in the indictment was under the age of eighteen years; and Fourth, the material identified in the indictment had been mailed, or using any means or facility of interstate commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. |

2

| Counts | Charge | Statutory Penalties | Essential Elements |
|---|---|---|---|
| 2, 6, 10 | Interstate communications with intent to extort<br><br>18 U.S.C. §875(d) | **Imprisonment: Not more than 2 years.**<br>**Fine: Not more than $250,000**<br>**Supervised Release: Not more than 3 years.**<br>**Special Assessment: $100** | First, the defendant knowingly sent a message in interstate commerce containing a true threat to damage the reputation of another; and<br><br>Second, the defendant did so with the intent to extort money or something else of value to the defendant. |
| 9 | Interstate communications with intent to extort<br><br>18 U.S.C. §875(c) | **Imprisonment: Not more than 5 years.**<br>**Fine: Not more than $250,000**<br>**Supervised Release: Not more than 3 years.**<br>**Special Assessment: $100** | First, the defendant knowingly sent a message in interstate commerce; and<br>Second, the message contained a true threat to injure the person of another. |

2.  Title 18, United States Code, Section 3013 requires the Court to assess a $100 "special assessment" for counts 1 through 10. Defendant understands that the special assessment will be due immediately at the time of sentencing. Title 18, United States Code, Section 3014 requires the Court to assess an additional $5,000 "special assessment" on any non-indigent person convicted of an offense in a sexual exploitation case.

3.  Defendant understands that the United States may recommend, and the Court may impose, a fine, costs of incarceration, and costs of supervision. The Defendant agrees to participate in the Inmate Financial Responsibility Program to help satisfy any financial obligations.

4.  Defendant shall provide the United States Probation Office with all information requested to prepare the Presentence Report, including signing all releases. Defendant agrees that the Probation Office may share any financial information with the United States Attorney's Office and Defendant waives any rights. Defendant may have under the Right to Financial Privacy Act.

Defendant agrees to make complete financial disclosure by truthfully filling out a financial statement, at the direction of the United States Attorney's Office.

5.  As required by Title 18, United States Code, Section 3663A, or as agreed pursuant to Title 18, United States Code, Section 3663(a)(3), Defendant will pay restitution in an amount to be determined prior to sentencing. Restitution is due and payable immediately at the time of sentencing.

## II. Advisory Sentencing Guideline Calculations

1.  The Defendant and the Government agree that under the United States Sentencing Guidelines, after all factors have been considered, Defendant has an Offense Level of 42 and a Criminal History Category of I with the resulting advisory imprisonment sentencing range of 360 months to Life. The statutory maximum on Production of Child Pornography, charged in counts 1, 3, 5, 7, and 8, is 30 years imprisonment.

**Defendant and the Government agree, however, that the appropriate sentence of imprisonment to be imposed, considering all of the factors in Title 18, United States Code, Section 3553(a), is a term of 35 years' imprisonment (420 months) to be followed by a lifetime of supervised release. Defendant understands that if the Court accepts this Plea Agreement it will be bound to impose the 35 year (420 months) imprisonment sentence and lifetime supervised release.**

**Defendant and the Government agree that Defendant shall be sentenced to 30 years imprisonment on counts 1, 3, 5, 7, and 8 (Production of Child Pornography) of the Information and the terms of imprisonment shall run concurrent to each other. On Count 2 (Distribution of Child Pornography) of the Information, the parties agree that Defendant shall be sentenced to 5 years imprisonment to run consecutive to the 30 years imprisonment**

4

**on counts 1, 3, 5, 7, and 8. Defendant and the Government further agree that Defendant shall be sentenced to 2 years imprisonment on counts 2, 6, and 10 (Interstate Extortion) of the Information to run concurrent to all other counts. Finally, Defendant and the Government agree that Defendant shall be sentenced to 5 years imprisonment on count 9 (Interstate Extortion-Threats) of the Information to run concurrent to all other counts. This will result in a total sentence of 35 years (420 months) imprisonment followed by Lifetime supervised release.**

The Defendant and the Government further agree that, under the Sentencing Guidelines, after all factors have been considered, the Defendant's advisory fine range is $50,000 to $500,000, pursuant to U.S.S.G. § 5E1.2 and advisory term of supervised release is five (5) to lifetime pursuant to U.S.S.G. § 5D1.2(a)(1). The parties also agree that Defendant does not have the present ability to pay a fine within the advisory range, is unlikely to gain the ability to do so in the future, and that any money Defendant will have or make in the future should go to restitution for the victims.

The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range.

**The Defendant understands that the Court did not participate in this agreement. The Court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider a presentence report pursuant to Rule 11(c)(3)(A). The Defendant will not be able to withdraw his plea of guilty once entered except as provided under Rule 11(d)(2)(A). Again, Defendant agrees to a sentence of imprisonment of 35 years (420 months) and a lifetime of supervised release.**

2. The Government and Defendant submit that the following provisions of the United States Sentencing Guidelines are applicable to disposition of this case:

| Guideline Section | Description | Level |
|---|---|---|
| Chapter 2 Offense Conduct | | |
| §2G2.1(a) | Base Offense Level | 32 |
| §2G2.1(b)(1)(B) | At least 1 victim was between the age of older than 12 but younger than 16. | +2 |
| §2G2.1(b)(4) | Knowingly distributed CP images | +2 |
| Chapter 3 Adjustments | | |
| §3A | Victim related adjustments (Parties agree that there are no victim related adjustments related to this offense.) | +0 |
| §3B | Role in the offense- (Parties agree that Defendant's role in the offense was such that Defendant's offense level should be neither increased nor decreased.) | +0 |
| §3C1.1 | Obstruction –(Parties agree that Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, Defendant's base offense level should not be increased) | +0 |
| §3D1.4 | Grouping (combined offense level)- 5 units | +4 |
| Chapter 4 Criminal History | | |
| §4B1.5(b)(1) | Pattern of activity of prohibited sexual conduct | +5 |
| | TOTAL OFFENSE LEVEL | 45 |
| §3E1.1 | Acceptance of Responsibility | - 3 |
| | | |
| | **OFFENSE LEVEL:** | **42** |

3. Defendant and the Government agree that Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of **2** Levels. See U.S.S.G. § 3E1.1. The parties also agree that the Defendant qualifies for an additional **1** Level reduction by timely notifying

6

authorities of an intention to plead guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. However, a reduction for acceptance of responsibility is dependent on Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including falsely denying, or frivolously contesting, relevant conduct or committing any acts constituting obstruction of justice.

4. The parties submit that it appears that Defendant has amassed **0 Criminal History points** and that, therefore, the Sentencing Guideline Criminal History Category is I.

5. The parties acknowledge that the Defendant is in the best position to know if his criminal history information is correct and complete. If it is not, the sentencing calculations reflected in this Plea Agreement may be substantially impacted. Defendant further recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties, and any evidence submitted. Regardless of the criminal history found by the Court, the parties will not be able to withdraw from this plea agreement and the Defendant will not be able to withdraw the guilty plea.

6. The parties reserve the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category, which may be different from the calculations set forth in this Plea Agreement.

### III. Limitation of Plea Agreement & Breach of the Agreement

1. All agreements between the parties are written and no other promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts. Defendant agrees that this Plea Agreement, the Stipulation of Facts, and any supplements, make up the entire agreement between the United States and Defendant and

supersedes any other agreement, oral or written. The terms of this Plea Agreement can be modified only in writing signed by all of the parties.

2. The United States will file a sealed supplement to this plea agreement, as required in every case in the Southern District of Illinois. That supplement may, or may not, include additional terms. If additional terms are included in the supplement, they are incorporated and made a part of this Plea Agreement.

3. Defendant understands and acknowledges that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. Defendant further understands and acknowledges that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

4. If Defendant commits any violation of local, state or federal law (other than a petty traffic offense), violates any condition of release, violates or fails to perform any term of this Plea Agreement, provides misleading, incomplete, or untruthful information to the U.S. Probation Office, or fails to appear for sentencing, the United States, at its option, may ask the Court to be released from its obligations under this Plea Agreement. The United States may also, in its sole discretion, proceed with this Plea Agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the guilty plea.

5. Additionally, Defendant agrees that in the event of Defendant's material breach of this Plea Agreement, or if Defendant is permitted to withdraw Defendant's guilty plea, that any and all statements made by Defendant, whether under oath or not, at the change of plea hearing,

and any evidence derived from such statements, are admissible against Defendant in any prosecution of or action against Defendant. Defendant knowingly and voluntarily waives any argument under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

### IV. Defendant's Waiver of Rights, Consequences of Plea of Guilty, and Appeal Waiver

1. Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. Defendant is represented by counsel Jessica Koester and with whose representation Defendant acknowledges he is fully satisfied. Defendant's counsel has explained the waivers of rights, and the consequences of those waivers, that are contained in this Plea Agreement. Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

2. By pleading guilty, Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

3.     Release Pending Sentencing:

Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). United States and Defendant agree that there are no exceptional circumstances that would justify Defendant's release pending sentencing. Defendant understands that by pleading guilty, Defendant is waiving all appellate issues that might have been available if Defendant had exercised the right to trial.

4.     Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence through appeal or collateral attack. However, in exchange for the recommendations and concessions made by the United States in this Plea Agreement, **Defendant knowingly and voluntarily waives the right to seek modification of or contest any aspect of the conviction or sentence in any type of proceeding,** including the manner in which the sentence was determined or imposed, that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), Defendant reserves the right to appeal the substantive reasonableness of the term of imprisonment. Defendant acknowledges that in the event such an appeal is taken, the United States reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the United States.

5.     Defendant's waiver of the right to appeal or bring collateral challenges shall not apply to: 1) claims of ineffective assistance of counsel; 2) any subsequent change in the

interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that is declared retroactive by those Courts and that renders Defendant actually innocent of the charges covered herein; and 3) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (see U.S.S.G. § 1B1.10). The United States reserves the right to oppose such claims for relief.

6. Except as expressly permitted in paragraphs 4 and 5 (directly above), Defendant acknowledges that any other appeal or collateral attack may be considered a material breach of this Plea Agreement and the United States reserves the right to take any action it deems appropriate to have a court declare that Defendant has materially breached this Plea Agreement.

7. Defendant's waiver of appeal and collateral review rights shall not affect the Government's right to appeal Defendant's sentence pursuant to Title 18, United States Code, Section 3742(b). This is because United States Attorneys lack any right to control appeals by the United States, through plea agreements or otherwise; that right belongs to the Solicitor General. 28 C.F.R. § 0.20(b).

8. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

9. Defendant waives all civil claims against the United States or any official working on behalf of the United States during the investigation or prosecution of this matter.

## V. Forfeiture

1. Agreement to forfeit assets.

Defendant agrees to forfeit to the United States immediately and voluntarily any computers, cellular phones, hard drives, and computer-related equipment which are subject to forfeiture pursuant to 18 U.S.C. §2253(a) and 28 U.S.C. § 2461(c). The items to be forfeited include the following:

a. A black Alienware laptop computer having serial number 8Z16P72 and manufacturer number A505-S6005;

b. A black WD external hard drive having serial number WX81D1734386;

c. A silver IPhone 7 having a phone number of 618-960-7572;

d. A black Hewlett Packard desktop computer having serial number 4CE13700YL;

e. A grey Toshiba LG5S laptop computer having serial number 1B0388SOW;

f. A purple Memorex flash drive;

g. A silver Lexar flash drive;

h. A black Lexar flash drive; and

i. A black Sandisk flash drive.

All assets to be forfeited include property used or intended to be used to facilitate the commission of the offense to which Defendant is pleading guilty as well as any and all property constituting proceeds from said offense.

The Court finds that said items are forfeitable; however, the United States may, at its discretion, proceed with the destruction of said items without completing the forfeiture process against same.

The United States may abandon forfeiture of any of the items by filing notice of same with the Court.

2. <u>Assist in recovery of assets</u>

Defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, the signing of any other documents necessary to effectuate such transfers, and the execution of withdrawals of any claims or defenses which may have previously been asserted against the forfeiture of any of the property. Defendant further authorizes his attorney, Jessica Koester, to execute on Defendant's behalf any documents requested by the Government to effectuate the forfeitures.

Defendant agrees to consent to any civil or administrative forfeiture brought against the property described above pursuant to 18 U.S.C. § 2254. Defendant waives service of process or notice in any such civil or administrative proceeding and agrees that an order for forfeiture may be entered in said civil or administrative proceeding without further notice or hearing.

If requested by the Government, all steps necessary to locate property and to pass title to the United States shall be completed before Defendant's sentencing.

Defendant agrees that forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, costs of imprisonment, or any other penalty this Court may impose upon Defendant in addition to forfeiture.

## VI. Collateral Consequences of Conviction

1. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

2. If convicted in this case, and if Defendant is not a United States citizen, Defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout Defendant's life. Defendant understands that Defendant shall keep Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to Defendant's name, place of residence, employment, or student status, or other relevant information. Defendant understands that Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

## VII. Defendant's Acknowledgements

1. Defendant is fully satisfied with the representation received from defense counsel. Defendant has reviewed the United States' evidence and has discussed the United States' case, possible defenses and defense witnesses with defense counsel. Defendant's attorney has completely and satisfactorily explored all areas which Defendant has requested relative to the United States' case and possible defenses. Defendant acknowledges having had adequate opportunity to discuss the potential consequences of the guilty plea with defense counsel. Defendant has had all of Defendant's questions answered by defense counsel. Defendant agrees that this Plea Agreement is not the result of any threats, duress or coercion. Defendant enters this guilty plea freely, voluntarily, and knowingly, because Defendant is in fact guilty.

2. By signing this Plea Agreement, Defendant certifies having read it (or that it has been read to Defendant in a language that Defendant understands), Defendant has discussed the terms of this Plea Agreement with defense counsel and fully understands its meaning and effect.

## VIII

No additional matters are in dispute.

STEVEN D. WEINHOEFT
United States Attorney

_____
/JOSHUA P. BRECKEL
Defendant

_____
CHRISTOPHER R. HOELL
Assistant United States Attorney

Date: 4/9/19

Date: 4/9/19

I have thoroughly read, reviewed and explained this Plea Agreement and its addenda, if any, to our client who understands and accepts its terms. We have advised Defendant of all matters within the scope of Fed.R.Crim.P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. We have further discussed the fact that this **a binding Plea Agreement** on the Court if it chooses to accept it. No assurances, promises, or representations have been given to us or to Defendant by the United States or any of its representatives that are not contained in this written agreement or the attached addenda, if any. We concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client.

_____
JESSICA KOESTER
Attorney for Defendant

Date: 4/9/19

Date: _____

15